# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| JENNIFER SCHULTZ, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CASE NO.: 2:13-CV-72-TLS |
|  | ) |  |
| CAROLYN W. COLVIN, | ) |  |
| Commissioner of Social Security | ) |  |
| Administration, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

The Plaintiff, Jennifer Schultz, brought this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's decision to deny her disability insurance benefits and supplemental security income. On August 28, 2013, the Plaintiff wrote a Letter [ECF No. 16]. On November 5, the Court created a text entry on the docket advising that the Letter was, pursuant to the Plaintiff's confirmed intentions, her opening brief. In the Letter, the Plaintiff appears to be responding to a claim that she has not exhausted her administrative remedies. The Plaintiff provides the date that the Social Security Administration appeals council denied her request for review, and maintains that this Court may review her claims. The Plaintiff's Letter does not address the merits of her Complaint. The Defendant has filed a Memorandum in Support of Commissioner's Decision [ECF No. 21].

## STANDARD OF REVIEW

This Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." *Id.* Substantial evidence is such

relevant evidence as a reasonable mind might accept to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The standard of review is deferential, and the court may not make independent credibility determinations or reconsider facts and evidence. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Even if reasonable minds may differ as to whether the plaintiff is disabled, the court must affirm the ALJ's decision if it is supported by substantial evidence. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). However, conclusions of law are not entitled to such deference, and, if the ALJ commits an error of law, the decision must be reversed. *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007).

## ANALYSIS

To be eligible for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, and supplemental security income under Title XVI of the Act, §§ 1382, 1382c, a claimant must prove she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 432(d)(1)(A), 1382c(a)(3)(A). The Commissioner of the Social Security Administration uses a five-step sequential analysis to determine whether a claimant is disabled:

1) is the plaintiff currently unemployed;

2) does the plaintiff have a severe impairment;

3) does the plaintiff have an impairment that meets or equals one of the impairments listed as

disabling in the Commissioner's regulations;

4) is the plaintiff unable to perform his past relevant work; and

5) is the plaintiff unable to perform any other work in the national economy?

20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512–13 (7th Cir. 2009); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351–52 (7th Cir. 2005). An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. 20 C.F.R. § 416.920; *Briscoe*, 425 F.3d at 352; *Stein v. Sullivan*, 892 F.2d 43, 44 (7th Cir. 1990). A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled. 20 C.F.R. § 404.1520; *Stein*, 892 F.2d at 44. The claimant bears the burden of proof through step four; if it is met, the burden shifts to the Commissioner at step five. *Briscoe*, 425 F.3d at 352.

At the first step of the analysis, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date of her disability. Proceeding to the next step, the ALJ found that the Plaintiff's severe impairments were degenerative disc disease of the lumbar spine, deep venous thrombosis, factor V, and obesity. In her Complaint, the Plaintiff asserts that she also has depression and possibly ADHD, which impacts her concentration. The ALJ specifically addressed the impact of the Plaintiff's depression. He stated that, upon considering the four broad functional areas set out in the disability regulations for evaluating mental disorders, the Plaintiff's medically determinable mental impairment of major depressive disorder was not severe because it did not cause more than minimal limitations in her ability to perform basic mental work activities. The ALJ provided details and examples, i.e., substantial evidence, of the Plaintiff's actual functioning in the four areas: daily living; social functioning;

concentration, persistence or pace; and episodes of decompensation. The Plaintiff has not pointed to any evidence that the ALJ overlooked or ignored in making this assessment, and the Court finds that it is supported by substantial evidence.

The ALJ also accounted for the Plaintiff's own statements regarding her functioning, but noted that the limitations the Plaintiff described to the consultative examiner were not supported by her testimony to the ALJ, the third party functional report prepared by her mother, or the consultative examiner's diagnosis. Thus, in deciding not to fully credit the Plaintiff, the ALJ articulated his reasoning based on evidence from the record. *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (a reviewing court does not undertake a *de novo* review of medical evidence that was presented to the ALJ when assessing a credibility determination, but merely examines "whether the ALJ's determination was reasoned and supported").

The ALJ properly noted that the opinion from the Plaintiff's treating doctor, Dr. John Kelly, was not entitled to controlling weight to the extent it was not a medical opinion, but an administrative finding dispositive of the case. Because the opinion was on an issue reserved to the Commissioner, it had to be carefully considered to determine the extent it was supported by the record as a whole or contradicted with persuasive evidence. (R. at 18–19, ECF No. 13 at 23–24) (citing 20 C.F.R. 404.1527(d)(2) and SSR 96-5p).) The ALJ noted that Dr. Kelly's own record was conflicting on the facts and diagnosis, and that he provided no evidence or reasoning to support his conclusion that the Plaintiff could not work. In contrast, the Department of Disability Services doctor, after reviewing the record, opined that the Plaintiff had no severe mental impairments. The ALJ gave great weight to the State agency doctor's opinion, as it was

4

consistent with the record as whole. The Plaintiff has not identified any error in the ALJ's approach, or his ultimate conclusion regarding the weight to assign the physicians' opinions. *See, e.g.*, *Hofslien v. Barnhart*, 439 F.3d 375 (7th Cir. 2006) (holding that the weight to be given to testimony or other evidence of a treating physician depends on circumstances and that treating physician's opinion does not carry a presumption of correctness where evidence opposing it is introduced); *see also Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001) ("When treating and consulting physicians present conflicting evidence, the ALJ may decide whom to believe, so long as substantial evidence supports that decision."); *Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996) ("[I]n the end, it is up to the ALJ to decide which doctor to believe—the treating physician who has experience and knowledge of the case, but may be biased, or . . . the consulting physician, who may bring expertise and knowledge of similar cases—subject only to the requirement that the ALJ's decision be supported by substantial evidence.").

Next, the ALJ determined that the Plaintiff did not have an impairment that meets or equals one of the impairments listed as disabling in the Commissioner's regulations, specifically section 1.04. The ALJ articulated the absence of any evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis with accompanying ineffective ambulation. Substantial evidence supports the ALJ's conclusion that the Plaintiff's degenerative disc disease did not satisfy the criteria for a listed impairment.

The ALJ next found that the Plaintiff's residual functional capacity (RFC) allowed her to perform light work, except that she could not lift more than twenty pounds occasionally; could only occasionally balance, stoop, kneel, crouch, and crawl; could not be in unprotected heights, operate hazardous machinery, or be on slippery or uneven surfaces; and could not sit, stand, or

walk for more than thirty minutes at a time. The ALJ determined that medically determinable impairments could reasonably be expected to cause the symptoms the Plaintiff complained of, but that her statements concerning the intensity, persistence, and limiting effects were not credible. The ALJ began his credibility analysis by reviewing the Plaintiff's testimony about her limitations and her daily activities and noting her obesity as a contributing factor. The ALJ compared these to the Plaintiff's treatment history and diagnostic test results related to her lower back pain and hardening of veins in her legs. The ALJ recited the opinions of several of the Plaintiff's treating physicians, to which he assigned significant weight, except for a lifting restriction that he assigned little weight because it was not consistent with the record. The RFC is further supported by the opinions of the State agency doctors, which the ALJ afforded great weight. This Court may not reweigh the evidence and substitute its judgment for that of the ALJ. *See Nelson v. Apfel*, 131 F.3d 1228, 1234 (7th Cir. 1997).

In light of the Plaintiff's RFC, the ALJ determined that she was unable to perform her past relevant work as a fast food worker, sales clerk, or server. However, as a younger individual with at least a high school education, she was still able to perform jobs that exist in significant numbers in the national economy. In making this determination, the ALJ relied on the testimony of a vocational expert.

In her pro se Complaint, the Plaintiff states that the ALJ's decision was not supported by substantial evidence because the ALJ did not properly consider the aggregate impact of her impairments. She contends that her degenerative disc disease has caused her to lose strength in her arms and legs, and requires her to sit and stand several times a day. She submits that her Factor V blood disorder requires medication that makes her susceptible to bruising and bleeding,

6

and that she cannot stand long or walk very far. Finally, the Plaintiff maintains that her depression and ADHD cause her to have concentration problems. The ALJ's decision adequately addresses each of these. The ALJ found that the degenerative disc disease and blood disorder were both severe impairments. The RFC he fashioned for the Plaintiff takes into account the limitations associated with these impairments, and restricts the Plaintiff to light work with additional restrictions to account for her reduced strength, and her need to frequently change posture and avoid situations that may cause traumatic injury. The RFC did not include any limitations related to concentration, but the ALJ sufficiently explained why he rejected a finding that the Plaintiff's mental disorder significantly limited her ability to perform basic work activities, including an examination of her functioning in areas of concentration and social interaction. The Plaintiff also maintains that the ALJ disregarded medical information from her doctors, but the Plaintiff does not elaborate on her claims. The ALJ specifically addressed the Plaintiff's treatment history, diagnostic test results, and the statements from her treating physicians.

This Court's review of the record leads to the conclusion that the ALJ's decision was supported by evidence that is sufficient for a reasonable person to conclude that it supports the finding that the Plaintiff is not entitled to disability benefits. There is no basis to remand this matter to the ALJ or otherwise modify his decision.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the Commissioner's decision. The Clerk will enter judgment in favor of the Defendant and against the Plaintiff.

SO ORDERED on April 25, 2014.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION